UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK      NOT FOR PUBLICATION
------------------------------------------------------------X
ERICH R. KAPLAN,

        Plaintiffs,

    - against -

GARFIELD FIRST ASSOCIATES, LLC,

        Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CV-4631 (RRM)(LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff Erich R. Kaplan filed this *pro se* civil action against defendant Garfield First Associates, LLC on September 23, 2011, along with an order to show cause for a preliminary injunction and temporary restraining order. (Compl. (Doc. No. 1) 1; Appl. for Order to Show Cause (Doc. No. 3) ("Appl.") at 1.) The Court held a hearing that same day, at which plaintiff appeared. The Court granted plaintiff's request to proceed *in forma pauperis* for the purpose of the initial motion. For reasons stated on the record, and herein, the Court denies Plaintiff's request for temporary and preliminary injunctive relief, and grants plaintiff leave to submit an amended complaint to assert a basis for the Court's jurisdiction.

### BACKGROUND

    Plaintiff's brief complaint asserts the Court's jurisdiction on the basis of the Americans with Disability Act, 42 U.S.C. § 12101 *et seq*. ("ADA"). His statement of claim states: "Defendant illegally locked Plaintiff out of his apartment on 2nd of September 2011." (Compl. ¶ II.) He asks this Court to restore him to possession and to grant unspecified punitive damages. (*Id.* ¶ IV.) The complaint does not identify the nature of plaintiff's disability or allege that defendant discriminated against him on the basis of his disability.

In his proposed Order to Show Cause, plaintiff asks the Court to restore him to possession of the subject premises and to vacate an order by Housing Judge Anthony J. Fiorella. (Appl. 1.) In an accompanying memorandum, plaintiff asks the Court "to issue an order enjoining defendant Garfield First Associates from interfering with my right to reside at the subject premises until a final disposition on the merits of the above entitled action." (Mem. of Law in Supp. of Order to Show Cause (Doc. No. 2) at 1.) Plaintiff alleges that he will suffer immediate and irreparable harm if he is not restored to occupancy, "because I am disabled and need adequate housing and the ability to prepare meals and obtain sufficient rest and store and take prescribed medications in order to preserve my health." (*Id.*) He states that he does not have access to his medications because defendants placed them in storage. (*Id.* at 1–2.)

## STANDARD OF REVIEW

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand

for the relief sought." Fed. R. Civ. P. 8(a). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).

## DISCUSSION

### I. *Rooker-Feldman*

Plaintiff's proposed Order to Show Cause asks this Court to vacate the August 15, 2011 Order of Housing Judge Anthony J. Fiorella. As the Court explained on the record at the September 23, 2011 hearing, the Court cannot grant the requested relief and must abstain from considering plaintiff's claim. The *Rooker-Feldman* doctrine provides that "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005); *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *see also Gyadu v. Unemployment Compensation*, 173 F.3d 844 (unpublished table decision), No. 98-7594, 1999 WL 132179, at *1 (2d Cir. Mar. 9, 1999) (" '[L]ower federal courts possess no power whatever to sit in direct review of state court decisions.' " (quoting *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970))). The *Rooker-Feldman* doctrine operates to bar subject matter jurisdiction in " 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and

3

inviting district court review and rejection of those judgments.' " *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

The Second Circuit has set forth four requirements necessary for *Rooker-Feldman* to apply to bar an action: 1) the federal-court plaintiff must have lost in state court; 2) the plaintiff must be complaining of injuries caused by a state-court judgment; 3) the plaintiff must be inviting district court review and rejection of that judgment; and 4) the state-court judgment must have been rendered before the district court proceedings commenced. *Hoblock*, 422 F.3d at 85.

All four requirements are met in this case: 1) Plaintiff indicated at the hearing that he was a losing defendant in a holdover eviction proceeding; 2) the complained-of injury is the housing court's order and subsequent execution of the warrant of eviction, allegedly in violation of certain procedural safeguards; 3) plaintiff asks this Court to vacate the state court's order; and 4) the state court action appears to have concluded prior to commencement of this action. Accordingly, the *Rooker-Feldman* doctrine precludes federal court review of this claim. For this reason, and because plaintiff's original complaint fails to adequately state a claim or establish a basis for the Court's jurisdiction over this matter, as described below, the Court denied plaintiff's request for preliminary injunctive relief.[1]

## II. Federal question jurisdiction

The ADA proscribes discrimination in public accommodations on the basis of the "disability" of a "qualified individual." *See* 42 U.S.C. § 12112(a). The federal Fair Housing Act, as amended by the Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C. § 3601, *et seq.*, forbids discrimination in housing on the basis of race, color, religion, sex, familial status, or

---

[1] The rule of abstention from ongoing state proceedings, *Younger v. Harris,* 401 U.S. 37 (1971), may also preclude the Court form providing the relief requested. *See also Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 100 (2d Cir. 2004); *Diamond "D" Constr. Corp. v. McGowan,* 282 F.3d 191, 198 (2d Cir. 2002).

4

national origin and, as amended by the FHAA, handicap. *See* 42 U.S.C. § 3604. "To establish discrimination under either the FHAA or the ADA, plaintiffs have three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *Tsombanidis v. W. Haven Fire Dep't.*, 352 F.3d 565, 573 (2d Cir. 2003).

Plaintiff's complaint purports to invoke the ADA as a basis for jurisdiction, but he asserts no facts that could support such a claim. Plaintiff has not alleged that he is a qualified individual with a disability within the meaning of the ADA. "An individual is considered disabled [for ADA purposes] if he has a physical or mental impairment that substantially limits one or more major life activities." *Tylicki v. St. Onge*, 297 F. App'x 65, 67, (2d Cir. 2008). A complaint alleging a violation of the ADA must identify the life activity substantially impaired. *See Weixel v. Bd. of Educ.*, 287 F.3d 138, 147 (2d Cir. 2002). Taking plaintiff's *pro se* status into account, and resolving all doubts in plaintiff's favor, it is nonetheless clear that the complaint's vague and conclusory allegation that plaintiff is "disabled" falls short of the liberalized pleading standard.[2]

Under the FHAA, in order to make out a claim of disability discrimination based on the duty to reasonably accommodate an individual with a disability, a plaintiff must show, among other things, that he suffers from a handicap as defined by the FHAA. *Bentley v. Peace & Quiet Realty 2 LLC*, 367 F. Supp. 2d 341 (E.D.N.Y. 2005). To be considered "handicapped" under the FHAA, Plaintiff must show that: (1) he suffers from "a physical or mental impairment which substantially limits one or more of such person's major life activities"; (2) he has "a record of

---

[2] Moreover, plaintiff has not alleged that he was discriminated against in a place of public accommodation, as required to state a claim under the ADA. 42 U.S.C. § 12181(7); *see Reid v. Zackenbaum*, No. 05-CV-1569 (FB), 2005 WL 1993394, at *4 (E.D.N.Y. Aug. 17, 2005) ("A residential facility, such as an apartment, is not a public accommodation under the ADA."); *see also Avila v. Gamache*, 2009 WL 3248146, at *2 (D. Vt. Oct. 7, 2009); *Bobrowsky v. Curran,* 333 F. Supp. 2d 159, 163 (S.D.N.Y.2004).

having such an impairment"; or (3) he is "regarded as having such an impairment." 42 U.S.C. § 3602(h).

Here, plaintiff has not alleged that he suffers from a handicap as defined by the FHAA. Nor has plaintiff alleged that defendants knew of such a handicap and failed to make accommodations. *See Bentley*, 367 F. Supp. 2d at 345. Given its most liberal reading, plaintiff's complaint therefore fails to allege a violation of the FHAA.

Moreover, it is unclear what role, if any, plaintiff's landlord played in any alleged discrimination under either statute, as it became clear in the course of the hearing that the events underlying plaintiff's claim concern the issuance of the housing court order and the subsequent execution of the warrant of eviction. *See, e.g., Hakim v. Hall*, No. 09-CV-860 (CS)(LMS), 2009 WL 5910310, at *8 (S.D.N.Y. Oct. 23, 2009) (complaint must allege defendant's personal involvement in discrimination).

### III. Leave to amend

As presently pled, this Court lacks subject matter jurisdiction over this matter. *See* Fed. R. Civ. P. 12(h)(3); *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001). However, plaintiff's allusions to his disability suggest a claim under the FHAA. *See Bell v. Hood,* 327 U.S. 678, 682–83 (1946)) (a claim invoking federal question jurisdiction under § 1331 may be dismissed for want of subject matter jurisdiction if it is not colorable or is wholly insubstantial and frivolous). In light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days leave to file an amended complaint. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Plaintiff is directed that the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, in that it must clearly state the grounds for relief and include specific factual allegations. To the extent that he intends to pursue a claim pursuant to the FHAA, he must

identify the general nature of his disability, and show that defendants knew or reasonably should have known of his handicap and refused to make necessary accommodations for his use and enjoyment of the dwelling, or show another basis for a claim under the FHAA or the ADA, if that statute applies to the circumstances of his case. The amended complaint must be captioned "Amended Complaint," and bear the same docket number as this Order. Any amended complaint will be subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

All further proceedings shall be stayed for 30 days. Failure to file a timely and proper amended complaint will result in dismissal of this action.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons stated on the record at the September 23, 2011 hearing and set forth herein, the Court denies plaintiff's request for temporary and preliminary injunctive relief, and grants leave to amend the complaint as directed by this Order, within 30 days from the date of this Order. Failure to file a timely and proper amended complaint will result in dismissal of this action. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to send to plaintiff by overnight mail a copy of this Memorandum and Order.

SO ORDERED.

Dated: Brooklyn, New York
      September 27, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge